FILED
2010 Nov-15  PM 04:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| **BRIAN K. MOSLEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.:  4:10-CV-189-VEH** |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
| **Commissioner,** | ) |
| **Social Security Administration,** | ) |
| | ) |
| **Defendant.** | ) |

---

## MEMORANDUM OPINION[1]

Plaintiff Brian K. Mosley ("Mr. Mosley") brings this action pursuant to 42

U.S.C. § 1614(a)(3)(A) of the Social Security Act.  He seeks review of a final adverse

---

[1]  The undersigned has rendered several other comparable decisions which address the inadequacies of the respective ALJ's residual functional capacity ("RFC") determinations from which the framework, analysis, and disposition of this case persuasively flow.  *See, e.g., Mahaley v. Astrue*, No. 5:09-CV-0347-VEH, (Docs. 12, 13) (N.D. Ala. Feb. 18, 2010) (reversing and remanding under similar circumstances in which the court found that the ALJ's RFC finding was not supported by substantial evidence); *Glover v. Astrue*, No. 3:09-CV-0033-VEH, (Docs. 15, 16) (N.D. Ala. Mar. 4, 2010) (same); *Johnson v. Astrue*, No. 3:08-CV-1761-VEH, (Docs. 15, 16) (N.D. Ala. Mar. 12, 2010) (same); *Martin v. Astrue*, No. 5:09-CV-1029-VEH, (Docs. 11, 12) (N.D. Ala. Mar. 25, 2010) (same); *Shelton v. Astrue*, No. 5:09-CV-1253-VEH, (Docs. 8, 9) (N.D. Ala. Apr. 26, 2010) (same); *Smith v. Astrue*, No. 4:09-CV-1591-VEH (Docs. 20, 21) (N.D. Ala. Oct. 25, 2010) (same); *Smith v. Astrue*, No. 4:09-CV-2191-VEH (Docs. 12, 13) (N.D. Ala. Oct. 28, 2010).

decision of the Commissioner of the Social Security Administration (the "Commissioner" or "Secretary"), who denied his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").[2]  Mr. Mosley timely pursued and exhausted his administrative remedies available before the Commissioner.  The case is ripe for review pursuant to 42 U.S.C. § 405(g), § 205(g) of the Social Security Act.[3]

## FACTUAL AND PROCEDURAL HISTORY

Mr. Mosley was a 31-year-old male at the time of his hearing before the administrative law judge (the "ALJ") held on March 11, 2008.  (Tr. 21, 224, 229).  Mr. Mosley attended school through the eighth grade and testified that he is able to read and write.  (Tr. 229-230).

Mr. Mosley's prior work experience includes employment as a trim carpenter helper, lumber department team leader, vehicle repossession worker, underground utilities locator, customer service representative, coil maker for large machines, tree

---

[2]   In general, the legal standards applied are the same regardless of whether a claimant seeks DIB or SSI under the Social Security Act.  However, separate, parallel statutes and regulations exist for DIB and SSI claims.  Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates.  The same applies to citations of statutes or regulations found in quoted court decisions.

[3]   42 U.S.C. § 1383(c)(3) renders the judicial review provisions of 42 U.S.C. § 405(g) fully applicable to claims for SSI.

climber, convenience store cashier, dish washer, and cook. (Tr. 231-33). Mr. Mosley maintains that he became disabled on April 20, 2005, due to back problems, including a L5-S1 fusion surgery. (Tr. 16 ¶¶ 2-3, 21, 22).

Mr. Mosley protectively applied for DIB and SSI on October 12, 2005. (Tr. 14, 21). Both claims were denied initially on February 9, 2006. (Tr. 14, 21, 23-27). Mr. Mosley timely filed a request for a hearing that was received by the Social Security Administration on March 24, 2006. (Tr. 14, 30). The hearing before the ALJ was held on March 11, 2008. (Tr. 14, 224). The ALJ concluded Mr. Mosley was not disabled as defined by the Social Security Act and denied both his DIB and SSI applications on July 7, 2008. (Tr. 14-19).

Mr. Mosley filed a request for review on July 18, 2008. (Tr. 9-10). On July 15, 2009, Mr. Mosley submitted a brief in support of his administrative appeal. (Tr. 218-222). On December 2, 2009, the Appeals Council denied review, which resulted in the final decision of the Commissioner being the ALJ's disability determination that was adverse to Mr. Mosley. (Tr. 3).

On January 28, 2010, Mr. Mosley filed his complaint with this court asking for review of the ALJ's decision. (Doc. 1). On June 15, 2010, Mr. Mosley filed a brief (Doc. 11) in support of his appeal, and on July 15, 2010, the Commissioner followed with his responsive brief. (Doc. 12). This court has carefully considered the record,

and for the reasons stated below, reverses the Commissioner's denial of benefits, and remands the case for further development and consideration.

## STANDARD OF REVIEW

The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales,* 402 U.S. 389, 390 (1971); *McRoberts v. Bowen,* 841 F.2d 1077, 1080 (11th Cir. 1988); *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1983); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. This court will determine that the ALJ's opinion is supported by substantial evidence if it finds "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id*. Substantial evidence is "more than a scintilla, but less than a preponderance." *Id.*

## STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits and establish her entitlement for a period of disability, the claimant must be disabled as defined by the Social Security Act and the

Regulations promulgated thereunder.[4]  The Regulations define "disabled" as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months."  20 C.F.R. § 404.1505(a).  To establish an entitlement to disability benefits, a claimant must provide evidence of a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques."  20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled.  20 C.F.R. § 404.1520(a)(4)(i-v).  The Commissioner must determine in sequence:

(1)   whether the claimant is currently employed;
(2)   whether the claimant has a severe impairment;
(3)   whether the claimant's impairment meets or equals an impairment listed by the Secretary;
(4)   whether the claimant can perform her past work; and
(5)   whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to former applicable C.F.R.

---

[4]   The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499, as current through October 28, 2010.

section), *overruled on other grounds by Johnson v. Apfel,* 189 F.3d 561 (7th Cir. 1999); *accord, McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once the claimant has satisfied steps one and two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the Secretary to show that the claimant can perform some other job." *Pope*, 998 F.2d at 477; *accord*, *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show that such work exists in the national economy in significant numbers. *Foote*, 67 F.3d at 1559.

## FINDINGS OF THE ADMINISTRATIVE LAW JUDGE

The ALJ found Mr. Mosley had not engaged in substantial gainful activity since the alleged onset date of his disability, *i.e.*, April 20, 2005. (Tr. 16 ¶ 2). Thus, the claimant satisfied step one of the five-step test. 20 C.F.R. § 404.1520(b).

Under step two, the ALJ concluded that "[t]he claimant has the following severe impairments: status post interbody fusion at L5-S1 with pedicle screw fixation bilaterally."[5] (Tr. 16 ¶ 3 (citations omitted)). Accordingly, the ALJ concluded that Mr. Mosley satisfied the second step of the sequential disability evaluative process.

---

[5] The ALJ also discussed Mr. Mosley's claimed impairment of status post arthroscopic decompression of the right shoulder and found that it was not severe because it "did not cause any vocationally relevant limitations[.]" (Tr. 16 ¶ 3).

20 C.F.R. § 404.1520(c).

At step three, the ALJ determined that Mr. Mosley did not have an impairment or a group of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 16 ¶ 4). Mr. Mosley does not challenge this determination on appeal.

The ALJ then evaluated Mr. Mosley's RFC at step four, and the claimant was found to have:

> [T]he residual functional capacity to perform less th[a]n the full range of light work in regard to which he can stand/walk 6 hours; lift/carry 20 pounds occasionally, 10 pounds frequently; no more than occasionally stoop, kneel, crouch, or crawl; avoid climbing ladders, ropes, or scaffolds; and avoid concentrated exposure to vibration, moving machinery, and unprotected heights as defined in 20 CFR 404.1567(b) and 416.967(b).

(Tr. 16-17 ¶ 5).[6] Further, the ALJ accepted the testimony of the vocational expert that

---

[6] The Regulations define light work as:

(b) Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

at the RFC- reduced light level, the claimant could still perform "his past relevant work of customer service representative and cashier/checker."  (Tr. 19).

Because of the ALJ's finding that Mr. Mosley did have relevant past work experience, it was unnecessary to continue to step five of the sequential analysis.  (Tr. 19).  Accordingly, the ALJ concluded Mr. Mosley was not disabled as defined by the Social Security Act, and denied both his DIB and SSI claims.  (*Id.*).

## ANALYSIS

This court is limited in its review of the Commissioner's decision in that the Commissioner's findings of fact must be reviewed with deference.  *See Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990) (citing *Graham v. Bowen*, 790 F.2d 1572, 1574-75 (11th Cir. 1986)).  In contrast to factual findings, however, the Commissioner's conclusions of law are subject to an "exacting examination" or *de novo* review.  *See Martin*, 894 F.2d at 1529 (citing *Graham*, 790 F.2d at 1574-75); *Martin*, 894 F.2d at 1529 ("The Secretary's failure to apply the correct legal standards or to provide the reviewing court with sufficient basis for a determination that proper legal principles have been followed mandates reversal.") (citations omitted).  In particular, this court has a "responsibility to scrutinize the record in its entirety to

20 C.F.R. § 404.1567(b) (current through October 28, 2010).

ascertain whether substantial evidence supports each essential administrative finding." *See Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (emphasis added) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)).[7]

In this appeal, Mr. Mosley raises several different issues. (*See generally* Doc. 11). Mr. Mosley initially asserts that "[t]he ALJ's RFC findings are not based on substantial evidence first and foremost because he relied on a non-medical opinion." (Doc. 11 at 8). Mr. Mosley also maintains that the ALJ erroneously failed to adequately develop the record. (*Id.* at 11). The court turns to the lack of any underlying medical opinion by a physician in support of the ALJ's RFC determination that Mr. Mosley is capable of performing light work with additional restrictions, and agrees with Mr. Mosley that, under the circumstances of his case, the ALJ committed reversible error.[8]

---

[7] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[8] As a result, the court does not reach the merits of the other issues presented on appeal.

I.   **IN THE ABSENCE OF A SUPPORTING MEDICAL SOURCE STATEMENT OR A PHYSICAL CAPACITIES EVALUATION BY A PHYSICIAN, THE ALJ'S RFC DETERMINATION THAT MR. MOSLEY CAN PERFORM A REDUCED RANGE OF LIGHT WORK IS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE.**

In support of his RFC determination, the ALJ explained:

> As for the opinion evidence the state agency medical consultant opined on February 6, 2006 that the claimant retained the residual functional capacity to perform light work with no climbing ladders, ropes, or scaffolds; no more than occasionally stoop, kneel, crouch, or crawl; and the need to avoid concentrated exposure to vibration, unprotected heights, and moving machinery (Exhibit 8F). The undersigned has considered this opinion and has found it reasonable based on the evidence available in the record at that time. The Administrative Law Judge has also considered the opinion of Dr. Harris and contained in Exhibit 9F. There is nothing in Dr. Harris's notes (aside from medication re-fills) to show that the claimant is so limited that he would be unable to perform any type of work activity.

(Tr. 18).

The court has studied Exhibit 8F, which is expressly referenced by the ALJ in his decision, and fails to see how it provides substantial evidentiary support for his RFC determination. Exhibit 8F (*see* Tr. 138-145) is a physical RFC completed by a non-physician disability examiner named Mark Cooper ("Mr. Cooper") on February 2, 2006. (Tr. 145).

This document fails to substantially support the ALJ's decision for at least four reasons. First, the physical RFC is deficient because it was not determined by a

10

medical doctor, but rather it was authored by the state agency lay examiner, Mr. Cooper, after conducting a one-time paper review of Mr. Mosley's records.  (Tr. 85, 145).

Second, even if in some instances it is appropriate for the ALJ to rely upon a RFC prepared by a non-physician reviewer to substantially support a RFC determination, here the paper assessment of Mr. Mosley's physical capabilities by Mr. Cooper on February 6, 2010, confirmed Mr. Mosley's then current inability to work, and proceeded to merely provide a projected RFC of limited light work for Mr. Mosley no later than one year post-lumbar surgery.  (*See* Tr. 139 ("The CL's condition keeps him from working at this point, however, within 12 months from his surgery, he's expected to function as it's reflected in this RFC within 12 months from the surgery date.") (emphasis added)).

Third, the ALJ expressly acknowledged during the hearing that if Mr. Mosley's treating physician did not provide further information that he would "order a consultative orthopedic evaluation with a medical source statement."  (Tr. 254). Therefore, the ALJ recognized as of March 11, 2008, that determining Mr. Mosley's RFC without the benefit of any physician input as to his vocational abilities was ill-advised, and yet he did just that when he rendered his disability decision on July 7, 2008.

11

Fourth, in accepting Mr. Cooper's lay interpretation of the raw medical data contained in Mr. Mosley's medical records, the ALJ simultaneously rejected the more recent medical opinion provided by Mr. Mosley's long-standing treating physician, George M. Harris, M.D. ("Dr. Harris"), on August 23, 2007. (Tr. 18). As Dr. Harris then opined:

> This letter is regarding the above individual who has ben been a patient of my office since October 2005. Mr. Mosley suffers from <u>severe lumbar disc disease and had a lumbar fusion in January 2006</u>. For these reasons, <u>Mr. Mosley is unable to work</u>. If any further information is needed regarding this patient, please contact my office.

(Tr. 151(emphasis added)). Further, in connection with Mr. Mosley's application for disability access parking privileges, Dr. Harris likewise certified that Mr. Mosley was "severely limited in [his] ability to walk due to an arthritic, neurological, or orthopedic condition." (Tr. 216).

Moreover, none of the other exhibits cited by the ALJ in his decision addresses the deficiencies identified above. Instead, the bulk of these records unhelpfully only report on several raw physical findings applicable to Mr. Mosley. (*See, e.g.*, Tr. 101-03 (Exhibit 2F); Tr. 134-37 (Exhibit 7F)). Further, nowhere within these records does a physician, except for Dr. Harris, express an opinion about the impact of Mr. Mosley's lumbar impairment in <u>vocational</u> terms or attach a physical capacities evaluation of Mr. Mosley. *See, e.g., Rohrberg v. Apfel*, 26 F. Supp. 2d 303, 311 (D.

Mass. 1998) ("Where the 'medical findings in the record merely diagnose [the] claimant's exertional impairments and do not relate these diagnoses to specific residual functional capabilities such as those set out in 20 C.F.R. § 404.1567(a) . . . [the Commissioner may not] make that connection himself.'") (citation omitted).

Furthermore, the court has been unable to locate (and Defendant has not pointed to (*see generally* Doc. 12)) a medical source opinion[9] or a physical capacities evaluation conducted by a physician that substantiates that Mr. Mosley is capable of performing a reduced range of light work given his severe lumbar disc disease and related fusion and bilateral pedicle screw fixation. Such an omission from the record is significant to the substantial evidence inquiry pertaining to the ALJ's RFC determination. *See, e.g., Rohrberg*, 26 F. Supp. at 311 ("The ALJ failed to refer to-and this Court has not found-a proper, medically determined RFC in the record."). This lack of any physician-determined RFC is even more critical here in light of the ALJ's decision to reject Dr. Harris's conclusion about Mr. Mosley's inability to work.

As another district judge of this court aptly explained the RFC issue in the context of an ALJ who comparably determined, without the benefit of a physical

---

[9] "Medical source statements are 'medical opinions submitted by acceptable medical sources, including treating sources and consultative examiners, about what an individual can still do despite a severe impairment(s), in particular about an individual's physical and mental abilities to perform work-related activities on a sustained basis.'" SSR 96-5p.

capacities evaluation conducted by a physician, that the claimant was able to perform

her past relevant work:

> While the Record contains Ms. Rogers' [s] medical treatment
> history, it lacks any physical capacities evaluation by a physician. The
> ALJ made his residual functional capacity evaluation without the benefit
> of such evaluation. An ALJ is allowed to make some judgments as to
> residual physical functional capacity where so little physical impairment
> is involved that the effect would be apparent to a lay person.
> *Manso-Pizarro v. Secretary of Health and Human Services*, 76 F.3d 15
> (1st Cir. 1996).  In most cases, including the case at bar, the alleged
> physical impairments are so broad, complex, and/or ongoing that a
> physician's evaluation is required.  *Id.*  In order to have developed a full,
> fair record as required under the law, the ALJ should have re-contacted
> Ms. Roger's [sic] physicians for physical capacities evaluations and/or
> sent her to physicians for examinations and physical capacities
> evaluations.  Further, Ms. Rogers' [s] ability to lift and to manipulate
> objects must be thoroughly evaluated by at least one physician. These
> evaluations shall be obtained upon remand. Ms. Rogers' [s] residual
> functional capacity was not properly determined nor supported by
> substantial evidence in this case.

*Rogers v. Barnhart*, No. 3:06-CV-0153-JFG, (Doc. 13 at 5) (N.D. Ala. Oct. 16, 2006)

(emphasis added); *see also Manso-Pizarro*, 76 F.3d at 17 ("With a few exceptions

(not relevant here), an ALJ, as a lay person, is not qualified to interpret raw data in

a medical record.") (emphasis added) (citations omitted); *Rohrberg*, 26 F. Supp. 2d

at 311 ("An ALJ is not qualified to assess a claimant's RFC on the basis of bare

medical findings, and as a result an ALJ's determination of RFC without a medical

advisor's assessment is not supported by substantial evidence.") (emphasis added)

(citation omitted).

Comparable to *Rogers*, *Manso-Pizarro*, and other similar cases, a lay person, such as an ALJ or a non-licensed disability examiner like Mr. Cooper, is not able to discern Mr. Mosley's work-related exertional abilities and appropriate non-exertional restrictions based upon the unfiltered information contained in his medical records. Moreover, the lack of a medically-determined physical RFC is particularly critical here, when the ALJ has rejected the only physician-generated vocational opinion contained in the record, which opinion was favorable to Mr. Mosley. As the undersigned has previously recognized in another disability decision that similarly resulted in a remand for further development of the claimant's functional abilities:

> The Eleventh Circuit has held that the absence of a physician's opinion regarding a plaintiff's functional limitations does not morph into an opinion that the plaintiff can work. *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988). "Such silence is equally susceptible to either inference, therefore, no inference should be taken." *Id.*

*Clemmons v. Barnhart*, No. 3:06-CV-1058-VEH, (Doc. 22 at 11) (N.D. Ala. June 11, 2007).

Therefore, in the absence of a medical source statement and/or any physical capacities evaluation conducted on Mr. Mosley by a physician that substantiates his ability to perform a limited range of light work with certain non-exertional restrictions given his severe lumbar impairment, the record has not been adequately

developed. *See, e.g., Cowart v. Schweiker*, 662 F.2d 731, 732 (11th Cir. 1981) (citing *Thorne v. Califano*, 607 F.2d 218, 219 (8th Cir. 1979)); *see also Sobolewski v. Apfel*, 985 F. Supp. 300, 314 (E.D.N.Y. 1997) ("The record's virtual absence of medical evidence pertinent to the issue of plaintiff's RFC reflects the Commissioner's failure to develop the record, despite his obligation to develop a complete medical history.") (citations omitted).

As a result, the ALJ's determination that Mr. Mosley can perform light work with certain non-exertional restrictions is not supported by substantial evidence. Accordingly, the decision of the Commissioner is due to be reversed, and the case remanded for further proceedings consistent with this memorandum opinion.

## CONCLUSION

Based upon the court's evaluation of the evidence in the record and the submissions of the parties, the court finds that the Commissioner's final decision is not supported by substantial evidence. Accordingly, the decision of the Commissioner will be remanded by separate order.

**DONE** and **ORDERED** this the 15th day of November, 2010.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

16